UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                        CRIMINAL NO. 3:18-CR-147-DPJ-LRA

TONY BUCK

ORDER

Defendant Tony Buck was charged in a July 26, 2018 Information with possession of a prohibited object while an inmate of the Federal Correctional Institution in Yazoo City, Mississippi, in violation of 18 U.S.C. § 1791(a)(2) and (b)(4). Information [1]. The Government [13] and Buck [15] have filed motions in limine, and Buck has moved [14] to dismiss. For the reasons that follow, both motions in limine are granted, and the motion to dismiss is denied.

I.   Motions in Limine

The Government moves "to preclude . . . Defendant . . . from introducing into evidence . . . any . . . alleged fact concerning any stage or aspect of the administrative, prison disciplinary proceedings associated with . . . the same . . . incident that serves as the basis for the charge in this case." Gov't's Mot. [13] at 1. Buck moves "to preclude the admission of the disciplinary hearing records from the Bureau of Prisons, any statements made by the Defendant during that hearing[,] and any testimony of Correction Officers thereto." Def.'s Mot. [15] at 1. While the Government's request is broader than Buck's, it subsumes Buck's. And both parties agree that records from the prison-disciplinary process are irrelevant. *See* Gov't's Mot. [13] at 3; Def.'s Mot. [15] at 3. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. The motions in limine are therefore granted.

II.     Motion to Dismiss

Buck moves to dismiss the misdemeanor charge against him based on the Double Jeopardy Clause of the Fifth Amendment, arguing "that subjecting him to punishment by both the [prison] disciplinary process . . . and through the subject criminal proceeding is a violation of double jeopardy." Def.'s Mot. [14] at 1.  But Buck "acknowledges that binding case law does not support [his] argument." *Id.* at 1 n.1 (citing *Gilchrist v. United States*, 427 F.2d 1132, 1132 (5th Cir. 1970) ("[T]he double jeopardy provision of the Fifth Amendment is not violated because a prisoner is subjected to discipline by prison authorities for violating prison regulations and is also prosecuted in the district court in a criminal action based upon the same acts.")); *see also United States v. Shepard*, 78 F. App'x 387, 388 (5th Cir. 2003) ("[P]rison disciplinary hearings do not bar future criminal prosecutions." (quoting *United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996))).

Judge Bramlette has previously considered whether prison-disciplinary sanctions constitute criminal punishment for purposes of the double-jeopardy test set forth in *Hudson v. United States*, 522 U.S. 93 (1997); Judge Bramlette concluded that they do not.  *See United States v. Daniel*, No. 5:05-CR-19, 2006 WL 1581309, at *4–7 (S.D. Miss. June 2, 2006), *aff'd*, No. 06-60822, 2007 WL 837095 (5th Cir. Mar. 15, 2007); *United States v. Washington*, No. 5:06-CR-7, 2006 WL 905952, at *2–4 (S.D. Miss. Apr. 7, 2006); *United States v. Buckhalter*, No. 5:06-CR-9, 2006 WL 905941, at *1–4 (S.D. Miss. Apr. 7, 2006).  Judge Bramlette's review of the *Hudson* factors set forth in these cases was exhaustive and thorough, and Buck's motion provides no argument that would alter the Court's application of those factors to this case. Buck's motion to dismiss is therefore denied.

III.  Conclusion

The Court has considered all arguments raised.  Those not addressed would not have changed the outcome.  For the foregoing reasons, the Government's Motion in Limine [13] and Defendant's Motion in Limine [15] are granted, and Defendant's Motion to Dismiss [14] is denied.

**SO ORDERED AND ADJUDGED** this the 2nd day of November, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE